**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Eleazar Marcial, on behalf of himself and all other persons similarly situated,<br><br>          Plaintiff,<br><br>          - vs. –<br><br>ABC Corp. d/b/a Hudson Buffet and John Does #1-10,<br><br>          Defendants. | DOCKET NO. 18-cv-663<br><br>**COMPLAINT** |

        Plaintiff  Eleazar  Marcial,  by  and  through  his

undersigned attorneys, for his complaint against defendant

ABC  Corp.  d/b/a  Hudson  Buffet  and  John  Does  #1-10,  alleges

as  follows,  on  behalf  of  himself  and  on  behalf  of  all  other

persons  similarly  situated:

<u>**NATURE OF THE ACTION**</u>

        1.  Plaintiff  Eleazar  Marcial  alleges  on  behalf  of

himself  and  on  behalf  of  other  similarly  situated  current

and former employees of defendant ABC Corp. d/b/a Hudson Buffet and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.   Plaintiff further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for defendants' violation of the Wage Theft Prevention Act.

**THE PARTIES**

3.   Plaintiff Mr. Marcial is an adult individual residing in Queens, New York.

4.    Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5.    Upon information and belief, defendant ABC Corp. d/b/a Hudson Buffet ("Hudson Buffet") is a New York corporation whose corporate name is unknown to Mr. Marcial but which does business under the name Hudson Buffet, with a principal place of business at 10 Westage Business Center, Fishkill, New York.

6.    At all relevant times, defendant Hudson Buffet has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.    Upon information and belief, at all relevant times, defendant Hudson Buffet has had gross revenues in excess of $500,000.00.

8.    Upon information and belief, at all relevant times herein, defendant Hudson Buffet has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9.   Upon information and belief, at all relevant times, defendant Hudson Buffet has constituted an "enterprise" as defined in the FLSA.

10.   Upon information and belief, defendants John Does #1-10 represent the owners, officers, directors, members, and/or managing agents of defendant Hudson Buffet, whose identities are unknown at this time, who have participated in the day-to-day operations of defendant Hudson Buffet, who had/have the power to hire and fire employees, set wages and schedules, and retain their records, and who participated in the day-to-day operations of defendant Hudson Buffet.

11.   These John Does included a husband and wife who owned and operated the business, but whose names Mr. Marcial never learned.

12.   The husband supervised Mr. Marcial on a daily basis and ultimately fired him, while the wife hired Mr. Marcial, set his pay, and paid him each week.

13.   Defendants constituted "employers" of Mr. Marcial as that term is used in the Fair Labor Standards Act and New York Labor Law.

### JURISDICTION AND VENUE

14.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and

supplemental jurisdiction over Mr. Marcial's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Marcial's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16.  Pursuant to 29 U.S.C. § 206 and § 207, Mr. Marcial seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since January 9, 2015, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17.  The Collective Action Members are similarly situated to Mr. Marcial in that they were employed by defendants as non-exempt restaurant employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

18.   They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

19.   Mr. Marcial and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

20.   The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

21.   At all relevant times herein, defendants owned and operated a Chinese restaurant under the name Hudson Buffet.

22.   Mr. Marcial was employed at Hudson Buffet from approximately May 2016 through July 2017.

23.   Mr. Marcial was employed as a food preparer.

24.   Mr. Marcial's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

25.   At all relevant times herein, Mr. Marcial was an employee engaged in commerce and/or in the production of

goods for commerce, as defined in the FLSA and its implementing regulations.

26. Mr. Marcial regularly worked six days per week for defendants – three days of 12½ hours, and three days of 13 hours.

27. As a result, Mr. Marcial routinely worked roughly 76½ hours per week for defendants.

28. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

29. Mr. Marcial was paid on a salary basis throughout his employment; he was paid $1,000 semi-monthly, for a total of $2,000 per month.

30. Mr. Marcial received these amounts for all hours he worked, regardless of the number of hours he worked each day or week.

31. As a result, Mr. Marcial's effective rates of pay were always below the statutory federal and state minimum wages in effect at relevant times.

32. Defendants' failure to pay Mr. Marcial an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

33. Mr. Marcial was paid in cash throughout his employment, and he received no paystubs or wage statements of any sort with his pay.

34. In addition, defendants failed to pay Mr. Marcial any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

35. Defendants' failure to pay Mr. Marcial the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

36. Mr. Marcial worked six shifts per week that lasted in excess of ten hours from start to finish, yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

37. Defendants failed to provide Mr. Marcial with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signatures acknowledging the same, upon his

hiring or at any time thereafter, in violation of the Wage Theft Prevention Act.

38.   Defendants failed to provide Mr. Marcial with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

39.   Upon information and belief, throughout the period of Mr. Marcial's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Marcial (the Collective Action Members) in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

40.   Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

41.   Upon information and belief, defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

42.   Upon   information   and   belief,   these   other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

43.   Upon   information   and   belief,   these   other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

44.   Defendants   violated   the   frequency   of   pay requirements of New York Labor Law § 191 by paying Mr. Marcial and these other individuals semi-monthly.

45.   Defendants'   policy   of   paying   Mr.   Marcial   and these other individuals on a semi-monthly basis rather than on an hourly basis also violated 12 N.Y.C.R.R. § 146-2.5.

46.   Upon   information   and   belief,   these   other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

47.   Upon   information   and   belief,   while   defendants employed Mr. Marcial and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide records to employees, and failed to post or keep posted

notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

48. Mr. Marcial, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

49. At all relevant times, defendants employed Mr. Marcial and the Collective Action Members within the meaning of the FLSA.

50. Defendants failed to pay a salary greater than the minimum wage to Mr. Marcial and the Collective Action Members for all hours worked.

51. As a result of defendants' willful failure to compensate Mr. Marcial and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

52. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

53. Due to defendants' FLSA violations, Mr. Marcial and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

54. Mr. Marcial repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

55. At all relevant times, Mr. Marcial was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

56. Defendants willfully violated Mr. Marcial's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

57. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

58. Due to defendants' New York Labor Law violations, Mr. Marcial is entitled to recover from defendants his

unpaid   compensation,   liquidated   damages,   interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

59. Mr. Marcial, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

60. At all relevant times, defendants employed Mr. Marcial and each of the Collective Action Members within the meaning of the FLSA.

61. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

62. As a result of defendants' willful failure to compensate their employees, including Mr. Marcial and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

63.   The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

64.   Due to defendants' FLSA violations, Mr. Marcial and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

65.   Mr. Marcial repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

66.   At all relevant times, Mr. Marcial was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

67.   Defendants willfully violated Mr. Marcial's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

68.   Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

69.   Due to defendants' New York Labor Law violations, Mr. Marcial is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

70.   Mr. Marcial repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

71.   At all relevant times, Mr. Marcial was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

72.   Defendants willfully violated Mr. Marcial's rights by failing to pay him an additional hour's pay at the minimum wage for each day that he worked shifts lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

73.   Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

74.   Due to defendants' New York Labor Law violations, Mr. Marcial is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI

### (New York Labor Law – Wage Theft Prevention Act)

75.   Mr. Marcial repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

76.   At all relevant times, Mr. Marcial was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

77.   Defendants willfully violated Mr. Marcial's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

78.   Defendants willfully violated Mr. Marcial's rights by failing to provide him with weekly wage

statements required by the Wage Theft Prevention Act at any time during his employment.

79. Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Marcial is entitled to recover from the defendants statutory damages of $250 per day throughout his employment, up to the maximum statutory damages.

80. Due to defendants' New York Labor Law violations relating to the failure to provide a wage notice, Mr. Marcial is entitled to recover from the defendants statutory damages of $50 per day throughout his employment, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Marcial respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29

U.S.C. § 216(b), and appointing Mr. Marcial and his counsel to represent the Collective Action members;

b.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.   An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.   A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.   Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

f.   An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

h. Liquidated damages for defendants' New York Labor Law violations;

i. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

j. Back pay;

k. Punitive damages;

l. An award of prejudgment and postjudgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n. Such other, further, and different relief as this Court deems just and proper.

Dated:  January 9, 2018

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiff,

*Individually and on behalf of an*
*FLSA collective action*

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Hudson Buffet and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Hudson Buffet y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Eleazar Marcial Luis

Date:  July 10, 2017