Carolyn Shields
Liu & Shields LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
Tel:    718-463-1868
Email: shieldscj524@gmail.com
Attorneys for New Hudson Family
Restaurant Inc. d/b/a Hudson
Buffet and Suzhen Ni, Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eleazar Marcial, on behalf of himself and all other persons similarly situated, | Case No.:7:18-cv-00663-NSR |
| Plaintiff, | DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE |
| – against – | |
| NEW HUDSON FAMILY RESTAURANT INC. d/b/a HUDSON BUFFET; SUZHEN NI; and John Does #1-10, | |
| Defendants. | |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE

INTRODUCTION

Plaintiffs' motion for conditional certification of an FLSA collective concerns only the federal causes of action—Count I for the FLSA minimum wage and Count III for federal overtime wages. The remaining causes of action arise under state law, and plaintiff voluntarily dismissed Count II, the claim for alleged unpaid minimum wages under state law (ECF 09/21/18).

## PLAINTIFFS RECEIVED THE FEDERAL MINIMUM WAGE AND HAVE NOT SHOWN THE EXISTENCE OF ANY EMPLOYEES WHO FAILED TO RECEIVE THE MINIMUM WAGE

Plaintiffs (named plaintiff Marcial and opt-in plaintiffs Leal and Sandoval) are not similarly situated to any employees who did not receive the federal minimum wage because they were paid the federal minimum wage. For reasons that are the subject of defendants' motion to dismiss, plaintiffs were paid the federal minimum wage of $7.25. 29 U.S.C. § 206(a)(1)(C).

All wages and hours discussed herein are based on the second amended complaint and plaintiffs' declarations and are assumed to be true for purposes of this opposition. Defendants will contest these figures on the merits. Based on the second amended complaint and plaintiff Marcial's declaration, plaintiff Marcial was paid $461.53 per week ($2000/month times 12 divided by 52). This is more than the minimum wage of $7.25 times 40 hours a week, which is $290 per week.

Plaintiff Leal was paid $496.15 per week (when his monthly salary was $2150: $2150 times 12 divided by 52). He was paid $502.69 per week (when his monthly salary was $2200: $2200 times 12 divided by 52). These wages exceed the minimum weekly wage of $290.

Plaintiff Sandoval was paid $484.61 per week (when his monthly salary was $2100: $2100 times 12 divided by 52). He was paid $502.69 per week (when his monthly salary was $2200). He was paid $530.77 per week (when his monthly salary was $2300: $2300 times 12 divided by 52). These wages exceed the minimum weekly wage of $290.

Named plaintiffs must have Article III standing to assert the minimum wage claim, that is, named plaintiffs' standing to assert the minimum wage claim requires that they not have received the minimum wage. "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 493-95 (1974). "[A] named plaintiff in a collective action has adequately pleaded standing against a particular defendant *only if* the plaintiff has alleged an injury that the defendant caused *to him*.") . . . ." *Hageman v. Accenture LLP,* 2010 U.S. Dist. LEXIS 99374, at *8-9 (D. Minn. 2010) (emphasis in original).

## PLAINTIFFS HAVE NOT SHOWN THAT SIMILARLY SITUATED EMPLOYEES EXIST

Plaintiffs have not shown that similarly situated employees exist. Plaintiffs' declarations show the opposite. Plaintiff Marcial's declaration (para. 19) states that other employees had schedules similar to his. Plaintiff Leal's declaration (para. 21) states that other employees had schedules similar to his. Plaintiff Sandoval's declaration (para. 22) states that other employees had schedules similar to his. While these statements might be relevant to an overtime claim, none of the declarations shows the existence of other employees who were paid less than plaintiffs were paid or who were paid less than the minimum wage.

Employees who receive the minimum wage are not similarly situated to employees who did not receive the minimum wage.

### ANY COLLECTIVE THAT IS CONDITIONALLY CERTIFIED SHOULD DEFINE THE COLLECTIVE TO EXCLUDE A MINIMUM WAGE CLAIM

Plaintiffs have not shown they failed to receive the federal minimum wage. Plaintiffs have not shown the existence of other employees who failed to receive the minimum wage.

Dated: January 22, 2019                              Respectfully submitted,

*s/ Carolyn Shields*

Carolyn Shields
Liu & Shields LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
Tel: 718-463-1868
Email: shieldscj524@gmail.com
Attorney for the Defendants