UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ELEAZAR MARCIAL, on behalf of himself
and all other persons similarly situated,

                      Plaintiff,                  **ORDER**

v.                                                    18-CV-00663 (PMH)

NEW HUDSON FAMILY RESTAURANT
INC. D/B/A HUDSON BUFFET, et al.,

                      Defendants.
------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

      Pursuant to this Court's Order (Nov. 23, 2020 Min. Entry; Doc. 79), the parties filed motions *in limine* in advance of trial in this action (Docs. 73; 81).[1] The Court heard oral argument on these motions at the final pretrial conference held on March 3, 2021. For the following reasons, Plaintiffs' motion *in limine* is GRANTED in part and DENIED in part; and Defendants' motion *in limine* is DENIED.

      Plaintiffs seek to preclude Defendants from offering at trial: (1) the testimony of two witnesses, Gui Li and Guihui Chen (the "Subject Witnesses"), for failure to disclose them as potential witnesses during discovery; and (2) evidence relating to Plaintiffs' immigration status. With respect to the Subject Witnesses, Plaintiffs argue that Defendants should be precluded from offering their testimony because they did not disclose the Subject Witnesses in initial disclosures or in their responses to interrogatories. (Doc. 74 at 3-5). Defendants counter that because the interrogatories did not seek the names of witnesses with knowledge of the categories of information to which the Subject Witnesses would testify, they should not be precluded from offering their testimony. (Doc. 87 at 4-5). In any event, Defendants argue, if they are not

---

[1] Defendants filed as separate "motions" their notice of motion, memorandum of law, and attorney declaration in support. (Docs. 81, 82, 83).

1

permitted to testify in their case in chief, they should be permitted to testify as impeachment witnesses. (*Id*. at 5).

The Court disagrees with Defendants' argument that they need not disclose the names of witnesses that they may use to support their claims or defenses. Whether the information was learned subsequent to their initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A)(i), or subsequent to their responses to Plaintiffs' interrogatories pursuant to Federal Rule of Civil Procedure 33, they have an affirmative obligation to supplement their disclosures and responses as specifically required by Federal Rule of Civil Procedure 26(e)(1). Regardless, Defendants argued in their opposition and oral argument that they intend to introduce the Subject Witnesses as impeachment witnesses. They are indeed permitted to offer the Subject Witnesses' testimony for impeachment purposes regardless of whether the individuals were disclosed during discovery, and as such, are not precluded from calling them at trial.[2] Accordingly, that branch of Plaintiffs' motion *in limine* seeking to preclude the Subject Witnesses from testifying at trial is denied. The Subject Witnesses, should Defendants be so advised, may be called for impeachment purposes only.

With respect to the branch of Plaintiffs' motion that seeks to preclude evidence relating to Plaintiffs' immigration status, Defendants have represented that they will not offer such evidence and deem it irrelevant to the claims in this action. Because Defendants "have no objections to

---

[2] Plaintiffs' counsel countered at the conference that the Subject Witnesses are more properly characterized as "rebuttal" witnesses, as opposed to impeachment witnesses. This argument does not in any way alter the result herein. A rebuttal witness "resembles impeachment in that it provides another label to describe evidence responding to evidence of an adversary." 22 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 5177.1 (2d ed. 2020). Like impeachment witnesses, rebuttal witnesses need not be disclosed in discovery. *See, e.g., Bynum v. Metro. Transp. Auth.*, No. 01-CV-7945, 2006 WL 6555106, at *7 (E.D.N.Y. Nov. 21, 2006) (permitting witnesses undisclosed in discovery to testify as rebuttal witnesses at trial). Importantly, the Subject Witnesses were identified in the parties' proposed pre-trial order (Doc. 71); and at the conference, the Court permitted Plaintiffs to take the depositions of the Subject Witnesses, noting that at the time the parties had two months to depose them prior to the start of trial, but Defendants elected to forego taking their depositions (Doc. 93).

being precluded from offering any evidence relating to [P]laintiffs' immigration status" (Doc. 87 at 1), the Court grants that branch of Plaintiffs' motion *in limine*.

Defendants' motion *in limine* seeks to preclude: (1) Plaintiffs from offering any evidence of unpaid overtime compensation based upon the calculation of wages that was used by Judge Román in his decision on the motion to dismiss;[3] (2) any evidence that Defendants' additions to Plaintiffs' wages (for example lodging, transportation, and food) support an increase in the regular rate of pay; and (3) the opt-in Plaintiffs from offering any evidence relating to their claims under state law. For the reasons discussed on the record, these matters are more properly addressed as charging issues, and will be addressed at the charging conference at trial and before the jury is charged. Accordingly, Defendants' motion *in limine* is denied.

The Clerk of Court is respectfully requested to terminate the pending motions (Docs. 73, 81, 82, 83).

SO ORDERED.

Dated: White Plains, New York
       April 15, 2021

                                                        Philip M. Halpern
                                                        United States District Judge

---

[3] This case was subsequently reassigned to this Court on April 3, 2020.